UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| James Piche,<br><br>　　　　　　Plaintiff,<br>v.<br><br>ADT Security Systems, West, Inc.; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Civil Action No.: 1:12-CV-0526(TJM/RFT)<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, James Piche, by undersigned counsel, states as follows:

## **JURISDICTION**

1.　This action arises out of Defendants' repeated violations of the New York GBL §349 and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2.　This Court has original jurisdiction over Plaintiff's TCPA claims. Mims v. Arrow Fin. Serv., LLC, 132 S. Ct. 740 (2012).

3.　Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4.　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## **PARTIES**

5.　The Plaintiff, James Piche, is an individual residing in Cohoes, New York 12047 and is a "debtor" as the term is defined by NY GBL § 600(2).

6.　The Defendant, ADT Security Systems, West, Inc. ("ADT"), is a Delaware business entity with an address of 1501 Yamato Road, Boca Raton, Florida 33431, and is a

"principal creditor" as the term is defined by NY GBL § 600(3).

7. Does 1-10 (the "Collectors") are individual collectors employed by ADT and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. ADT at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

9. The Plaintiff allegedly incurred a financial obligation (the "Debt") to ADT.

10. The Debt arose from services provided by ADT, which were primarily for family, personal or household purposes and which meets the definition of a "consumer claim" under NY GBL § 600(1).

11. Thereafter, the Defendants attempted to collect the Debt.

### B. ADT Engages in Harassment and Abusive Tactics

12. Within the last year, ADT placed up to three (3) back-to-back automated calls to Plaintiff's cellular phone line (518-330-9442) in an attempt to collect the Debt.

13. ADT left numerous automated voice messages on Plaintiff's cellular phone line stating that Plaintiff had an outstanding balance with ADT and requesting that Plaintiff contact ADT.

14. Plaintiff informed ADT numerous times he did not have an account with ADT and requested that ADT take his telephone number off ADT's records.

15. During each telephone call with Plaintiff ADT agreed that Plaintiff did not have an account with ADT and stated that the phone calls would cease.

16. However, up to date, ADT continued to place automated calls to Plaintiff.

C. **Plaintiff Suffered Actual Damages**

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

21. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

22. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

24. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

25. The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

26. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

27. By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

2. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

3. Against the named the Defendants, jointly and severally, awarding the Plaintiff

punitive damages in such amount as is found appropriate; and

    4.   Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 23, 2012

    Respectfully submitted,

    By   /s/ Sergei Lemberg

    Sergei Lemberg (SL 6331)
    LEMBERG & ASSOCIATES L.L.C.
    1100 Summer Street, 3rd Floor
    Stamford, CT 06905
    Telephone: (203) 653-2250
    Facsimile:  (203) 653-3424
    Attorneys for Plaintiff